ROBERT L. ESENSTEN (Bar No. 65728)
    resensten@esenstenlaw.com
JORDAN S. ESENSTEN (Bar No. 264645)
    jesensten@esenstenlaw.com
**ESENSTEN LAW**
12100 Wilshire Boulevard, Suite 1660
Los Angeles, California 90025
Telephone:   (310) 273-3090
Facsimile:    (310) 207-5969

Attorneys for Plaintiff DAMIAN LANGERE, on behalf of
himself and others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN LANGERE, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VERIZON WIRELESS SERVICES, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br><br> **PUTATIVE CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

*ESENSTEN LAW*
*12100 WILSHIRE BLVD., SUITE 1660*
*LOS ANGELES, CA 90025*

Plaintiff DAMIAN LANGERE, individually and on behalf of the Classes defined below, brings this action for damages and equitable relief against Defendant VERIZON WIRELESS SERVICES, LLC ("Verizon"), demanding a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 151 *et seq.*, and 47 U.S.C. § 207, and supplemental jurisdiction under 28 U.S.C § 1367.

2.     This Court has diversity jurisdiction over the claims asserted herein on behalf of a nationwide class pursuant to 28 U.S.C. § 1332.  Diversity jurisdiction is proper because: (a) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; (b) there are members of the putative Class who are citizens of states different from Verizon; (c) Verizon has purposefully availed itself of the privilege of conducting business activities within the State of California; and (d) less than two-thirds of the members of the putative Class are citizens of the State of California.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## INTRODUCTION

4.     This action arises from a massive fraud perpetrated by Verizon in connection with its selling and marketing of its own "extended" warranty program for mobile phones.  When consumers purchase a mobile phone, the phone manufacturer provides them with an express warranty, which covers the phone for defects in material and workmanship for the first twelve months after purchase of a mobile phone.

5.     Yet, at the time of purchase, Verizon dupes consumers into also purchasing Verizon's "extended" warranty program.  Verizon's extended warranty

ESENSTEIN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

1  program is anything but "extended."  "Extended" implies to the average reasonable
2  consumer that the warranty provides coverage during a period in which the original
3  manufacturer's warranty does not, or increases the range of defects covered by the
4  original manufacturer's warranty.

5       6.     Verizon fails to disclose to consumers that the phone manufacturer's
6  express warranty runs concurrently with Verizon's "extended" warranty for the first
7  year of coverage, and provides no additional benefits during that time.

8       7.     Verizon consumers who purchase Verizon's "extended" warranty are
9  charged **$3.00 per month** for the "extended" warranty **for only as long as they**
10  **continue to make that monthly payment.**  During the first year of coverage,
11  Verizon consumers do not receive any additional protection than they already have
12  in exchange for the $3.00 monthly charge.  This is because consumers are already
13  covered under their phone manufacturer's warranty for the first twelve months.
14  Verizon's "extended" warranty does not provide any greater protection than the
15  manufacturer's express warranty.  Consumers purchasing Verizon's "extended"
16  warranty, therefore, do not receive any consideration or benefits, other than that
17  which they are already entitled, from their $3.00 monthly payments.

18       8.     The conduct described above constitutes violations of the Federal
19  Communications Act, 47 U.S.C. § 151, *et seq.* and California's consumer protection
20  laws, including the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §
21  1750 *et seq.*, the Unfair Competition Act ("UCL"), Cal. Business & Professions
22  Code § 17200 *et seq.*, and the False Advertising Law ("FAL"), Cal. Business &
23  Professions Code § 17500 *et seq.*  Accordingly, Plaintiff has brought this action on
24  behalf of himself and other purchasers of Verizon's "extended" warranty for the
25  purpose of obtaining an order enjoining Verizon from continuing to engaged in the
26  unlawful and deceptive conduct described above, and an order awarding them
27  restitution, damages, and declaratory relief.
28  ///

1

**PARTIES**

2      9.      Plaintiff Damian Langere is a resident of Los Angeles, California who

3  purchased "extended" warranties from Verizon for his own personal use.

4      10.    Defendant Verizon Wireless Services, LLC is a limited liability

5  company formed under the laws of Delaware with its principal place of business in

6  New Jersey.

7      **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

8      11.    Verizon operates one of the largest, if not the largest, wireless network

9  in the United States.  On its website, Verizon claims to have over 106 million

10  wireless retail customers.

11      12.    As part of its wireless services, Verizon sells and distributes mobile

12  phones and wireless phone plans to consumers across the United States.  Within 30

13  days of purchasing or upgrading a new mobile phone, consumers are offered an

14  opportunity to purchase an "extended" warranty from Verizon.

15      13.    Verizon customers have three different purchasing options for coverage

16  on their phones.  They can purchase either:

17            a.  "Insurance," which covers additional "accidental" losses (e.g.,

18                misplaced phones, water damage, damage caused when the phone is

19                dropped on the ground);

20            b.  Verizon's "extended" warranty, which covers the mobile phone

21                from additional losses arising from defects in material and

22                workmanship [Verizon charges its customers $3.00 per month, per

23                device, for "extended" warranty coverage when purchased on its

24                own]; or

25            c.  Verizon's "Total Equipment Coverage," a bundled package

26                comprised of both its "extended" warranty and insurance.  [For most

27                mobile phones, the cost of the Total Equipment Coverage is $7.00

28                per month, per device.  Verizon customers with "advanced devices"

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

4

(such as smartphones) pay at least $9.00 per month, per device.]

14.    The chart below represents the prices of Verizon's services for coverage of a mobile phone:

|  | "Extended" Warranty (*sold separately*) | Insurance (*sold separately*) | Total Equipment Coverage |
|---|---|---|---|
| Regular mobile phone | $3.00/month per device | $5.00/month per device | Total: $7.00/month per device<br><br>"Extended" Warranty Portion: $2.00/month per device |
| Advanced Device | $3.00/month per device | $7.15/month per device | Total: $9.00/month per device<br><br>"Extended" Warranty Portion: $1.85/month per device |

15.    This case concerns only the "extended" warranty and the "extended" warranty portion of the "Total Equipment Coverage" package.  The cost of the "extended" warranty is a monthly charge of $3.00 per device.  Pursuant to the contract governing the separately sold "extended" warranty, terms to which Verizon requires its customers to agree when purchasing its "extended" warranty coverage (whether separately or as part of its Total Equipment Coverage package), the "extended" warranty will remain in effect for so long as the customer continues to timely pay the full amount of his required monthly payments.  (**Exhibit 1**.)

16.    However, from the moment consumers' purchase or upgrade to a new mobile phone from/with Verizon, they are automatically covered for the next twelve months by their new phone manufacturer's express warranty for the same defects in material and workmanship covered by Verizon's "extended" warranty.

17.    Consequently, when consumers pay between $1.85 and $3.00 per month for the first 12 months of protection under Verizon's "extended" warranty, they unknowingly pay for warranty coverage already provided by their phone's

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

manufacturer.  Accordingly, these consumers do not receive any consideration from Verizon in exchange for their first 12 monthly payments for "extended" warranty protection.

18.    While the "extended" warranty can be purchased from Verizon separately or as part of its Total Equipment Coverage package, in either case, Verizon only allows its customers to purchase its "extended" warranty protection within 30 days of purchasing or upgrading to a new mobile phone.  As a result, Verizon *requires* purchasers of "extended" warranty protection to make up to twelve monthly payments of $3.00 in exchange for which it fails to provide those consumers with consideration of any kind.

19.    When consumers purchase Verizon's "extended" warranty, Verizon fails to inform those consumers that:

    a.  Its "extended" warranty runs concurrently with the new phone manufacturer's warranty for the first year after the consumer purchases or upgrades to the new mobile phone;

    b.  Its "extended" warranty does not provide any greater protection for the first year than does the phone manufacturer's identical warranty.

    c.  If a customer chooses to cancel his "extended" warranty and/or stops making the monthly payments required by Verizon in order to keep that "extended" warranty coverage in place during the first year following the customer's purchase of or upgrade to a new mobile phone, the customer will have received no benefit as a result of purchasing Verizon's "extended" warranty protection.

20.    Verizon deceives consumers into believing that its "extended" warranty exists only *after* the manufacturer's express warranty against identical loss expires. On Verizon's website, Verizon states its "extended" warranty program "provides convenient coverage against any mechanical or electrical malfunctions and manufacturer defects ***after the manufacturer's express warranty expires***."

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

Complaint for Damages and Equitable Relief

ESENSTEIN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

1  (emphasis added).  Despite this representation, Verizon charges consumers for an

2  "extended" warranty while the manufacturer's warranty is running.  Verizon, in fact,

3  requires consumers to purchase the "extended" warranty or "Total Equipment

4  Coverage" while the manufacturer's warranty is running.

5       21.    Thus, Verizon's use of the term "extended" to describe its warranty is

6  deceptive.  Verizon's "extended" warranty is *not* "[a]n additional warranty … sold

7  with the purchase of consumer goods … to cover repair costs *not otherwise covered*

8  by a manufacturer's standard warranty, by extending either the standard-warranty

9  coverage period or the range of defects covered."  Black's Law Dictionary, p. 1619

10  (8th ed. 2004) (emphasis added).  Indeed, "extended" implies that the warranty

11  provides coverage during a time which is not otherwise covered by the

12  manufacturer's warranty or provides some additional protections.  Verizon's

13  "extended" warranty provides neither.

14       22.    Consequently, Verizon's "extended" warranty is, in fact, a duplicative

15  and unnecessary warranty, whose use of the term "extended" is inherently

16  deceptive.

17       23.    Reasonable consumers purchasing Verizon's "Total Equipment

18  Coverage" for $7.00 per month (non-advanced devices) would not do so if they

19  knew that they could receive the same benefit by purchasing Verizon "insurance"

20  for only $5.00 per month.  Similarly, reasonable consumers purchasing Verizon's

21  "Total Equipment Coverage" for $9.00 per month (advanced devices) would not do

22  so if they knew that they could receive the same benefit by purchasing Verizon

23  "insurance" for only $7.15 per month.

24       24.    Verizon also fails to disclose to consumers who purchase "Total

25  Equipment Coverage" that the customer's monthly payment includes a charge for an

26  "extended" warranty, let alone one that is both unnecessary and duplicative.  Both

27  the receipt provided to purchasers of Verizon's Total Equipment Coverage and the

28  monthly bills received by those purchasers thereafter merely state that the consumer

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

is being charged $7.00 or $9.00 per month for "Asurion," which is Verizon's insurance carrier.  Since neither the bill nor receipt discloses the existence of an "extended" warranty, consumers who purchase the "Total Equipment Coverage" are unaware of the fact that they are also being charged for an "extended" warranty.

## PLAINTIFF'S EXPERIENCES

25.     Plaintiff Damian Langere is a Verizon mobile customer who owns an Apple iPhone 5s, which is considered an "advanced device."  Mr. Langere additionally purchased Verizon's "Total Equipment Coverage," for which Verizon charges him a monthly fee for the "extended" warranty portion.

26.     Mr. Langere was charged by Verizon for the Total Equipment Coverage, including the "extended" warranty portion, on a monthly basis for the first 12 months of "extended" warranty coverage.

27.     All Apple phones, including Mr. Langere's iPhone, are automatically covered by the phone manufacturer's express warranty against defects in workmanship and materials for one year from the date of purchase.

28.     At all times relevant, Mr. Langere was not aware, was not made aware by Verizon, nor would any reasonable person in Mr. Langere's position have reason to believe that his first twelve payments to Verizon for the "extended" warranty portion of the "Total Equipment Coverage" were both duplicative and unnecessary.

## CLASS DEFINITIONS AND ALLEGATIONS

29.     Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves, and as a class action on behalf of the following class (the "Federal Class"):

> All persons in the United States who purchased or upgraded a mobile phone or device from Verizon and purchased Verizon's "extended" warranty program or "Total Equipment Coverage" since the four years prior to the filing of this Complaint.

///

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

30.     In addition to the foregoing, with respect to those claims brought under California State law, Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class ("California Class"):

> All persons in California who purchased or upgraded a mobile phone or device from Verizon and purchased Verizon's "extended" warranty program or "Total Equipment Coverage" since the four years prior to the filing of this Complaint.

31.     Said definitions may be further defined by additional pleadings, evidentiary hearings, a class certification motion and/or hearings, and order of this Court.  The Classes may be further sub-classed if necessary.

32.     **Numerosity of the class—Fed. R. Civ. P. 23(a)(1).**  Although Plaintiff does not know the exact number of class members in the Federal Class or the California Class, since such information is within the exclusive control of Verizon, Plaintiff is informed and believes that due to the nature of the commerce involved and Verizon massive customer-base, the number of class members are sufficiently numerous (most likely in the millions), that it is impracticable to bring all members of either Class before the Court.  The names and addresses of class members can be obtained from Verizon's records.

33.     **Existence and predominance of common questions of fact and law—Fed. R. Civ. P. 23(a)(2), 23(b)(3).**  Numerous questions of fact and law are common to the Classes and predominate over any individual issues.  Individual issues, if any, pale by comparison to the numerous questions that dominate this litigation.  Questions of fact and law which are common to the Federal Class and/or the California Class include, but are not limited to, the following:

          a.  Whether Verizon has a duty to disclose to new mobile phone purchasers that said phones are covered by an express manufacturer's warranty that runs concurrently with Verizon's

"extended" warranty for the first year after purchase;

b. Whether Verizon's failure to disclose the fact that the phone manufacturer's express warranty runs concurrently with Verizon's "extended" warranty is a material fact;

c. Whether Verizon falsely advertises its "extended" warranty;

d. Whether Verizon falsely advertises its "Total Equipment Coverage;"

e. Whether Verizon's identification of its warranty as "extended" is misleading, fraudulent, and/or deceptive when, in fact, it runs concurrently with the phone manufacturer's warranty for the first year after purchase;

f. Whether Verizon's representation that its "extended" warranty covers consumers for defects in material and workmanship *after* the warranty of their phone manufacturer expires is false, misleading, fraudulent, and/or deceptive;

g. Whether Verizon's "extended" warranty provides any greater protection than that already provided by the phone manufacturer;

h. Whether consumers receive any consideration, during the first year after purchase, for the monthly payments made by them for "extended" warranty coverage;

i. Whether Verizon omits the fact that an additional charge for "extended" warranty coverage is included in its monthly charge to consumers for "Total Equipment Coverage;"

j. Whether requiring consumers to purchase its "extended" warranty during a time when consumers are already covered under their phone manufacturer's warranty is unconscionable;

k. Whether Verizon knows or has reason to know that if it did disclose the fact that the consumer was already protected by the express

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

Complaint for Damages and Equitable Relief

manufacturer's warranty applicable to his or her new phone for the first year following purchase, the consumer would not purchase Verizon's "extended" warranty that provides no additional protection;

l.   Whether Verizon's sale of its "extended" warranty violates the CLRA;

m.  Whether Verizon's omissions, concealments, non-disclosures, and representations concerning its "extended" warranty and/or "Total Equipment Coverage" violate the CLRA;

n.   Whether Verizon's sale of its "extended" warranty violates the UCL;

o.   Whether Verizon's omissions, concealments, non-disclosures, and representations concerning its "extended" warranty or "Total Equipment Coverage" violate the UCL;

p.   Whether Verizon's sale of its "extended" warranty violates the FAL;

q.   Whether Verizon's omissions, concealments, non-disclosures, and representations concerning its "extended" warranty or "Total Equipment Coverage" violate the FAL;

r.   Whether Verizon is a "common carrier" under 47 U.S.C. § 153(10), engaged in the interstate and/or foreign communication of wire or radio transmission of energy;

s.   Whether Verizon's "extended" warranty program and Total Equipment Coverage violates 47 U.S.C. § 201(b);

t.   Whether the charges associated with Verizon's "extended" warranty program and Total Equipment Coverage program are unjust and unreasonable;

///

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

Complaint for Damages and Equitable Relief

u. Whether Verizon unjustly and unreasonably requires purchasers of its Total Equipment Coverage or "extended" warranty program to purchase such coverage within the first 30 days of purchasing a new mobile phone, at a time when Verizon knows that the consumer is covered under his or her manufacturer's warranty;

v. Whether Verizon unjustly and unreasonably charges consumers for a duplicative and unnecessary "extended" warranty, which runs concurrent with the consumers' manufacturer express warranty;

w. Whether Verizon has been unjustly enriched;

x. Whether the Class is entitled to injunctive relief prohibiting the challenged wrongful practices and enjoining such practices in the future;

y. Whether the Class is entitled to treble damages;

z. Whether the Class is entitled to punitive damages;

aa. Whether the Class is entitled to attorneys' fees and expenses, and in what amount; and

bb. The nature and extent of damages and other remedies to which the wrongful conduct of Verizon entitle the class members.

34. **Typicality—Fed R. Civ. P. 23(a)(3).** The claims of Plaintiff are typical of the claims of class members. Plaintiff and each of the class members purchased an "extended" warranty and was charged for benefits they already had under their phone manufacturer's warranty. Verizon's deceptive and misleading practices and procedures, as outlined above, were employed identically to each class member. Verizon engaged in a common course of conduct involving similar or identical plans, intent, design, statutory violations, and schemes. The injuries sustained by class members arise from a common nucleus of operative facts involving Verizon's misconduct.

///

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

35.   **Adequacy—Fed. R. Civ. P. 23(a)(4).**  Plaintiff will fairly and adequately represent and protect the interests of the Classes and does not have interests that are antagonistic to or in conflict with those he seeks to represent. Plaintiff is typical purchasers of Verizon's "extended" warranty.  Furthermore, Plaintiff has retained counsel with considerable experience in the prosecution of class actions and other forms of complex litigation.

36.   **Superiority—Fed. R. Civ. P. 23(b)(3).**  This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. The Classes are readily definable.  The class action mechanism will enable claims that would not otherwise be sought by the class members in an orderly and expeditious manner.  A class action will save time and expense and will ensure uniformity of decisions.

37.   The relief sought per individual member of the Classes is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Verizon.  The economic injury suffered by each class member is expected to be between $22.20 and $36.00 each.  Furthermore, it would be virtually impossible for the class members to seek redress on an individual basis.  Even if the class members themselves could afford such individual litigation, the court system could not.

38.   Individual litigation of the legal and factual issues raised by Verizon's conduct would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economics of scale and comprehensive supervision by as single court.  Given the similar nature of the class members' claims, and the law applicable thereto, the Court and the parties will easily be able to manage a class action.

///

///

ESENSTEIN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

39.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Verizon.

40.     Injunctive relief is appropriate as to the Class as a whole because Verizon has acted or refused to act on grounds generally applicable to the Class.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FEDERAL COMMUNICATIONS ACT

### (47 U.S.C. § 151 *et seq.*)

### (AGAINST ALL DEFENDANTS)

41.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 40.

42.     Verizon is a "common carrier," under 47 U.S.C. § 153(10), engaged in the interstate and/or foreign communication of wire or radio transmission of energy.

43.     Verizon's "extended" warranty program and Total Equipment Coverage program are unjust and unreasonable in violation of 47 U.S.C. § 201(b).

44.     Verizon unjustly and unreasonably requires purchasers of its Total Equipment Coverage or "extended" warranty program to purchase such programs within the first 30 days of purchasing a new mobile phone, at a time when Verizon knows that the customer is covered under his or her manufacturer's express warranty.

45.     Verizon unjustly and unreasonably charges consumers who purchase its Total Equipment Coverage or "extended" warranty program for duplicative and unnecessary "extended" warranty coverage that runs concurrent with the consumer's existing, express manufacturer's warranty.

46.     These charges are further unjust and unreasonable in light of Verizon's failure to disclose to consumers that Verizon's "extended" warranty runs concurrent with their manufacturer's warranty.

///

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

47.   As a proximate result of Verizon's conduct, as alleged above, Plaintiff and the Federal Class have suffered an ascertainable loss and actual injury for which they are entitled to legal compensation, including attorneys' fees.

## SECOND CLAIM FOR RELIEF

### DECLARATORY RELIEF

### (28 U.S.C. § 2201, *et seq.*)

### (AGAINST ALL DEFENDANTS)

48.   Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 47.

49.   An actual controversy has arisen and now exists between Plaintiff and the members of the Federal Class, on the one hand, and Verizon, on the other hand, concerning their respective rights and duties in that Plaintiff and the members of the Federal Class contend that Verizon is engaging in and continue to engage in improper and unlawful billing practices, while Verizon contends that its actions and conduct are lawful and proper.

50.   A judicial declaration is necessary and appropriate at this time, under the circumstances presented, so that Plaintiff, the members of the Class, and Verizon may ascertain their respective rights and duties with respect to Verizon's billing practices.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### (CAL. CIV. CODE § 1750 *ET SEQ.*)

### (AGAINST ALL DEFENDANTS)

51.   Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 50.

52.   Plaintiff asserts this claim on behalf of a subclass of the putative California Class, comprised of those members who purchased Verizon's extended

1  warranty for personal or family use since three (3) years prior to the commencement

2  of this action.

3       53.    Verizon is a "person," as defined by California Civil Code § 1761(c),

4  and Plaintiff Langere is a "consumer," as defined by California Civil Code §

5  1761(d).

6       54.    Plaintiff has standing to pursue this claim because he suffered injury in

7  fact and has lost money or property as a result of Verizon's actions as set forth

8  herein.  Specifically, prior to the filing of this action, Langere purchased Verizon's

9  Total Equipment Coverage for his own personal use.  In doing so, he relied upon

10 Verizon's misstatements and omissions concerning the "extended" warranty.  Had

11 he known that by purchasing Verizon's "extended" warranty, he would be

12 purchasing coverage already provided to him under his manufacturer's warranty, he

13 would not have purchased the "extended" warranty or would have paid less.

14      55.    Plaintiff has concurrently filed the declaration of venue required by

15 Civil Code Section 1780(d).

16      56.    Verizon has violated and continues to violate California Civil Code §

17 1770, including Sections 1770(a)(5), 1770(a)(7), 1770(a)(9), and 1770(a)(14), by

18 engaging in unfair, fraudulent, and unconscionable conduct, including, but not

19 limited to, the following:

20           a.  Selling warranties to Plaintiff and the California Class, who already

21              had existing manufacturers' warranties that provided identical

22              coverage for the first year following purchase of their phones;

23           b.  Failing to disclose to Plaintiff and the California Class that the

24              "extended" warranty sold by Verizon is, in fact, duplicative of the

25              manufacturers' warranties against defects in material and

26              workmanship which the consumers already had during the first year

27              following purchase of their new phones, and which ran concurrently

28              with Verizon's "extended" warranty coverage;

ESENSTEIN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

c. Failing to disclose to Plaintiff and the California Class the fact that Verizon's "extended" warranty does not provide any greater protection than that which Plaintiff Langere and the California Class already had for the first year following purchase of their new phones under their existing manufacturer's warranties;

d. Knowing, but failing to disclose to Plaintiff and the California Class, that Verizon is not providing consumers with any additional protection in exchange for their monthly payments for "extended" warranty coverage for the first twelve (12) months following purchase of their new phones;

e. Requiring that Plaintiff and the California Class purchase an "extended" warranty during a time they were already covered under their phones' manufacturer's warranties;

f. Misrepresenting to Plaintiff and the California Class that the warranty they were purchasing was "extended," when, in fact, it ran concurrently with their existing phone manufacturer's warranties;

g. Misrepresenting to Plaintiff and the California Class that its "extended" warranty only provided protection *after* the phone manufacturers' warranties expired;

h. Fraudulently inducing consumers to enter into contracts for "extended" warranty coverage during the first year following their purchase of a new phone from Verizon, while having knowledge that the consumers were not receiving any consideration for entering into such contracts;

i. Failing to disclose that the "Total Equipment Coverage" included "extended" warranty coverage in addition to insurance;

j. Misrepresenting that the consumer's $7.00 or $9.00 monthly payments for "Total Equipment Coverage" were for insurance only,

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

1    when, in fact, they also included a charge expressly attributed

2         towards "extended" warranty coverage; and

3    k.  Using the deceptive term "extended" with respect to its

4         aforementioned "extended" warranty coverage when, in fact, said

5         coverage was not "extended," as that term is commonly defined.

6    57.   In selling its "extended" warranty coverage to consumers, Verizon

7  knowingly conceals, suppresses, and omits the fact that the consumer already

8  receives identical protection under his or her new phone manufacturer's warranty

9  for the first year following purchase, and that Verizon's warranty does not provide

10 any greater protection than that manufacturer's warranty during this period.

11   58.   A reasonable consumer would attach importance to the fact that he is

12 purchasing something he already has, and is therefore not receiving something he

13 does not already have, when deciding whether to complete the subject transactions

14 and purchase the aforementioned "extended" warranty coverage.

15   59.   Verizon intends to commit the aforementioned unlawful conduct.

16 Verizon intends that consumers will rely upon its concealment, suppression, and

17 omission of the fact that the customer's new phone manufacturer's express warranty

18 runs concurrently with Verizon's "extended" warranty.  Verizon knows or has

19 reason to know that if it did disclose this fact to consumers, they would not purchase

20 an additional warranty that provides no additional benefits, such as the "extended"

21 warranty referenced herein.  The policies, acts, and practices heretofore described

22 were intended to result in the sale of the "extended warranty" to the consuming

23 public.

24   60.   Plaintiff's counsel mailed to Verizon a written notice letter as required

25 by Civil Code Section 1782(a).  In that notice letter, Plaintiff's counsel demanded

26 that, within thirty (30) days from service of the notice letter, Verizon adequately

27 correct, repair, replace or otherwise rectify the deceptive practices described in this

28 Complaint for the entire Class, pursuant to Civil Code section 1770.  This includes

ESENSTEIN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

providing notice and full compensation to consumers who have purchased Verizon's "extended" warranty or Total Equipment Coverage within the Class Period.  In response, Verizon refused to make the appropriate corrections or provide compensation to consumers.

61.    As a proximate result of Verizon's conduct, as alleged above, Plaintiff and the California Class have suffered an ascertainable loss and actual injury for which they are entitled to legal and equitable relief, including treble damages and an injunction prohibiting Verizon from collecting moneys from persons who purchase an "extended" warranty during the first twelve months from purchase of a mobile phone.

62.    Pursuant to Section 1770 of the California Civil Code, Plaintiff and the California Class seek an order of this Court enjoining Verizon from collecting monthly payments in connection with its "extended" warranty for the first year while the customer is still covered under his manufacturer's warranty.

63.    Plaintiff engaged counsel to prosecute this action and is entitled to recover costs and reasonable attorneys' fees according to proof at trial.  Verizon has failed to make or provide an appropriate correction, repair or replacement, or other remedy with respect to the product.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF UNFAIR COMPETITION LAW-UNLAWFUL PRONG
### (CAL. BUS. & PROF. CODE § 17200, *et seq.*)
### (AGAINST ALL DEFENDANTS)

64.    Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 63.

65.    Plaintiff brings this claim on behalf of the California Class.

66.    Plaintiff has standing to pursue this claim as he has suffered injury in fact and have lost money or property as a result of Verizon's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased Verizon's

1   Total Equipment Coverage.  In doing so, he relied upon Verizon's misstatements

2   and omissions concerning the "extended" warranty package and the Total

3   Equipment Coverage.  Had he known that by purchasing Verizon's "extended"

4   warranty, he would be purchasing coverage already provided to them by the

5   manufacturer's warranty, he would not have purchased the "extended" warranty or

6   would have paid less.

7        67.    Verizon's actions as alleged in this Complaint constitute an unfair or

8   deceptive business practice within the meaning of California Business and

9   Professions Code section 17200 in that Verizon's actions are unlawful and violate

10  the Federal Communications Act, the CLRA, and the FAL, as alleged herein.

11       68.    As a proximate result of Verizon's conduct, as alleged above, Plaintiff

12  and the California Class have suffered an ascertainable loss and actual injury for

13  which they are entitled to legal and equitable relief, including treble damages and an

14  injunction prohibiting Verizon from collecting moneys from persons who purchase

15  an "extended" warranty during the first twelve months from purchase of a mobile

16  phone.

17       69.    Plaintiff requests that this Court enter such orders or judgments as may

18  be necessary to restore to any person in interest any money which may have been

19  acquired by means of the above-referenced unfair and deceptive practices as

20  provided in Business & Professions Code Section 17203, and for such other relief as

21  set forth below.

22       70.    Plaintiff and the California Class seek an order requiring Defendants to

23  make full restitution of all moneys wrongfully obtained from Plaintiff and the

24  California Class.

25       71.    Pursuant to Business & Professions Code Section 17203, Plaintiff and

26  the California Class seek an order of this Court enjoining Verizon from collecting

27  monthly payments in connection with its "extended" warranty for the first year

28  following purchase of a new phone, while the customer is still covered under his

ESENSTEIN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

1   manufacturer's warranty.

2       72.    Plaintiff engaged counsel to prosecute this action and is entitled to

3   recover costs and reasonable attorneys' fees according to proof at trial.

4                       **FIFTH CLAIM FOR RELIEF**

5   **VIOLATION OF UNFAIR COMPETITION LAW-FRAUDULENT PRONG**

6              **(CAL. BUS. & PROF. CODE § 17200, *et seq.*)**

7                    **(AGAINST ALL DEFENDANTS)**

8       73.    Plaintiff realleges and incorporates by reference the allegations set forth

9   in Paragraphs 1 through 72.

10      74.    Plaintiff bring this claim on behalf of the California Class.

11      75.    Plaintiff has standing to pursue this claim as he has suffered injury in

12  fact and have lost money or property as a result of Verizon's actions as set forth

13  herein.  Specifically, prior to the filing of this action, Plaintiff purchased Verizon's

14  Total Equipment Coverage.  In doing so, he relied upon Verizon's misstatements

15  and omissions concerning the "extended" warranty package and the Total

16  Equipment Coverage.  Had he known that by purchasing Verizon's "extended"

17  warranty, he would be purchasing coverage already provided to them by the

18  manufacturer's warranty, he would not have purchased the "extended" warranty or

19  would have paid less.

20      76.    Verizon's actions as alleged in this Complaint constitute an unfair or

21  deceptive business practice within the meaning of California Business and

22  Professions Code section 17200 in that Verizon's actions are fraudulent.  Verizon's

23  business practices, including the omissions and misrepresentations as alleged herein,

24  are fraudulent because they are likely to deceive the public into paying $3.00 per

25  month for the first twelve months of "extended" warranty coverage that fails to

26  provide any benefits beyond those already possessed by the purchasers through their

27  existing phone manufacturer's express warranties.

28  ///

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

Complaint for Damages and Equitable Relief

77.    Verizon advertises and identifies its warranty as "extended," indicating that it provides protection that is either greater than or exists outside of the time period of any other warranty.

78.    Verizon's warranty is not "extended" because a consumer is charged for warranty protection that runs concurrently with, and provides no greater benefits than, the phone manufacturer's warranty.

79.    Verizon's "extended" warranty also does not provide any greater protection than the phone manufacturer's express warranty.  Verizon knowingly conceals, suppresses, and omits this information in its advertising, marketing, and/or promotions.

80.    As a proximate result of Verizon's conduct, as alleged above, Plaintiff and the California Class have suffered an ascertainable loss and actual injury for which they are entitled to legal and equitable relief, including treble damages and an injunction prohibiting Verizon from collecting moneys from persons who purchase an "extended" warranty during the first twelve months from purchase of a mobile phone.

81.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of the above-referenced unfair and deceptive practices as provided in Business & Professions Code § 17203, and for such other relief as set forth below.

82.    Plaintiff and the California Class seek an order requiring Defendants to make full restitution of all moneys wrongfully obtained from Plaintiff and the California Class.

83.    Pursuant to Business & Professions Code § 17203, Plaintiff and the California Class seek an order of this Court enjoining Verizon from collecting monthly payments in connection with its "extended" warranty for the first year while the customer is still covered under his or her manufacturer's warranty.

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

84.     Plaintiff engaged counsel to prosecute this action and is entitled to recover costs and reasonable attorneys' fees according to proof at trial.

## SIXTH CLAIM FOR RELIEF

**VIOLATION OF UNFAIR COMPETITION LAW-UNFAIR PRONG**

**(CAL. BUS. & PROF. CODE § 17200, *et seq.*)**

**(AGAINST ALL DEFENDANTS)**

85.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 84.

86.     Plaintiff brings this claim on behalf of the California Class.

87.     Plaintiff has standing to pursue this claim as he has suffered injury in fact and have lost money or property as a result of Verizon's actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased Verizon's Total Equipment Coverage.  In doing so, he relied upon Verizon's misstatements and omissions concerning the "extended" warranty package and the Total Equipment Coverage.  Had he known that by purchasing Verizon's "extended" warranty, he would be purchasing coverage already provided to them by the manufacturer's express warranty, he would not have purchased the "extended" warranty or would have paid less.

88.     Verizon's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code section 17200 in that Verizon's actions are unfair.  Verizon's conduct is unfair because: (1) it is unlawful; (2) it is fraudulent; (3) it offends public policy; and (4) it is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.  The injury suffered by Plaintiff and the California Class is not outweighed by any countervailing benefits to consumers or competition.

89.     As a proximate result of Verizon's conduct, as alleged above, Plaintiff and the California Class have suffered an ascertainable loss and actual injury for

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

1  which they are entitled to legal and equitable relief, including treble damages and an
2  injunction prohibiting Verizon from collecting moneys from persons who purchase
3  an "extended" warranty during the first twelve months from purchase of a mobile
4  phone.

5       90.    Plaintiff requests that this Court enter such orders or judgments as may
6  be necessary to restore to any person in interest any money which may have been
7  acquired by means of the above-referenced unfair and deceptive practices as
8  provided in Business & Professions Code Section 17203, and for such other relief as
9  set forth below.

10       91.    Plaintiff and the California Class seek an order requiring Verizon to
11  make full restitution of all moneys wrongfully obtained from Plaintiff and the
12  California Class.

13       92.    Pursuant to Business & Professions Code § 17203, Plaintiff and the
14  California Class seek an order of this Court enjoining Verizon from collecting
15  monthly payments in connection with its "extended" warranty for the first year
16  while the customer is still covered under his manufacturer's warranty.

17       93.    Plaintiff engaged counsel to prosecute this action and is entitled to
18  recover costs and reasonable attorneys' fees according to proof at trial.

19  **SEVENTH CLAIM FOR RELIEF**
20  **FALSE AND MISLEADING ADVERTISING**
21  **(CAL. BUS. & PROF. CODE § 17500, *et seq.*)**
22  **(AGAINST ALL DEFENDANTS)**

23       94.    Plaintiff realleges and incorporates by reference the allegations set forth
24  in Paragraphs 1 through 93.

25       95.    As alleged hereinabove, Plaintiff has standing to pursue this claim, as
26  he has suffered injury in fact and have lost money or property as a result of
27  Verizon's actions as set forth herein.  Specifically, prior to the filing of this action,
28  Plaintiff purchased Verizon's Total Equipment Coverage for his own personal use.

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

1    In doing so, he relied upon Verizon's misstatements and omissions concerning the

2    Total Equipment Coverage and "extended" warranty.  Had he known that by

3    purchasing Verizon's "extended" warranty, he would be purchasing coverage

4    already provided to them by the manufacturer's express warranty, he would not

5    have purchased the "extended" warranty or would have paid less.

6        96.    In its marketing and sale of the "extended" warranty package and the

7    Total Equipment Coverage, Verizon makes fraudulent omissions and

8    misrepresentations concerning the "extended" warranty package.

9        97.    Verizon is aware, or should have been aware, that such omissions and

10   misrepresentations are likely to deceive the public.

11       98.    Pursuant to Business & Professions Code Section 17535, Plaintiff

12   requests that this Court enter such orders or judgments as may be necessary to

13   restore to any person in interest any money which may have been acquired by means

14   of the above-referenced unfair and deceptive practices as provided in Business &

15   Professions Code Section 17535, and for such other relief as set forth below.

16   Likewise, Plaintiff and the California Class seek an order of this Court enjoining

17   Verizon from collecting monthly payments in connection with its "extended"

18   warranty for the first year while the customer is still covered under his

19   manufacturer's warranty.

20       99.    Plaintiff and the members of the Class have suffered injury in fact and

21   have lost money as a result of Verizon's omissions and misrepresentations.

22                       **EIGHTH CLAIM FOR RELIEF**

23                            **RESTITUTION**

24                      **(AGAINST ALL DEFENDANTS)**

25       100.   Plaintiff realleges and incorporates by reference the allegations set forth

26   in Paragraphs 1 through 99.

27       101.   Plaintiff asserts this claim on behalf of the California Class.

28       102.   As alleged above, Plaintiff and the California Class have needlessly

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

purchased an "extended" warranty during their first year of coverage when in fact they are already covered under their manufacturer's warranty.  Plaintiff's and class members' purchase is a direct and proximate result of: (a) Verizon's failure to advise Plaintiff and the California Class that they have an existing warranty under their phone manufacturer's warranty; and (b) Verizon's failure to advise Plaintiff and the California Class that Verizon's "extended" warranty does not provide them any greater protection than what they already receive under their existing warranty.

103.   Plaintiff and the California Class have conferred a benefit of $3.00 per month for up to twelve months to Verizon.  Verizon did not confer any additional protection in exchange for these payments.  Plaintiff and the California Class received no consideration for these monthly payments from Verizon because, unbeknownst to Plaintiff and the California Class, they were paying for coverage they already had.

104.   Because Verizon collects between $1.85 and $3.00 per month for the first twelve months following purchase of a new phone from Plaintiff and the class members, but fails to provide Plaintiff or the class members anything more than they already had in return, Verizon has been unfairly and unjustly enriched. Consequently, Plaintiff and the California Class conferred benefits to Verizon that Verizon knew to be inequitable under the circumstances, but which it accepted and retained nonetheless.

105.   As a proximate result of Verizon's conduct, Verizon obtained secret profits by which it became unjustly enriched at the expense of Plaintiff and the class members.  It would be unfair for Verizon to retain the profits it has unjustly received at the expense of Plaintiff and class members.

106.   Accordingly, Plaintiff and the California Class seek an order establishing Verizon as a constructive trustee of the profits that served to unjustly enrich Verizon, together with interest during the period in which Verizon has retained such funds, and requiring Verizon to disgorge those funds to Plaintiff and

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

1 the class members in a manner to be determined by the Court.

2 **PRAYER FOR RELIEF**

3 WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated,

4 prays for relief in the Complaint as follows:

5 1. For an order certifying that this action may be maintained as a class

6 action on behalf of the Classes and any subclass(es) the Court may deem

7 appropriate;

8 2. For declaratory relief;

9 3. For an order enjoining Verizon from continuing the unlawful, unfair,

10 and fraudulent business practices described herein;

11 4. For temporary and permanent injunctive relief:

12 a. prohibiting Verizon from collecting monthly payments in

13 connection with "extended" warranty coverage that runs

14 concurrently the customer's new phone manufacturer's warranty;

15 and

16 b. compelling Verizon to make full and complete disclosures to

17 consumers purchasing its "extended" warranty coverage that they

18 will not be provided with any additional protection than they will

19 already receive from their manufacturer's warranty during the first

20 twelve months following purchase;

21 5. For an order requiring Verizon to pay full restitution of all moneys by

22 which Verizon collected from Plaintiff and the Classes as a result of the conduct

23 alleged herein;

24 6. For a declaration that Verizon's billing practices concerning its

25 extended warranty program as alleged herein are unjust, unreasonable, and

26 unlawful;

27 7. For the reasonable attorneys' fees and expenses incurred by Plaintiff;

28 8. For an order awarding punitive damages for Verizon's violations of the

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

27

1 | CLRA;

2 |      9.     For an award of pre-judgment and post-judgment interest on all

3 | amounts awarded; and

4 |      10.     For any and all other relief that the Court may deem just and

5 | appropriate.

6 |

7 | DATED: January 9, 2015        **ESENSTEN LAW**

8 |

9 |

By:  __/s/   *Jordan S. Esensten*_____

10 |                 JORDAN S. ESENSTEN

11 | Attorneys for Plaintiff DAMIAN LANGERE, on behalf of himself and others similarly situated

Complaint for Damages and Equitable Relief

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ESENSTEN LAW
12100 WILSHIRE BLVD., SUITE 1660
LOS ANGELES, CA 90025

# **DEMAND FOR JURY TRIAL**

Plaintiff and the Classes demand a jury trial in this action for all claims so triable.

DATED: January 9, 2015            **ESENSTEN LAW**

By: ___/s/    *Jordan S. Esensten*_____
        JORDAN S. ESENSTEN
Attorneys for Plaintiff DAMIAN LANGERE,
on behalf of himself and others similarly
situated

Complaint for Damages and Equitable Relief